**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DeCOSSAS, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-3786** |
| **ST. TAMMANY PARISH SCHOOL BOARD, et al.** | **SECTION: "G" (5)** |

## <u>ORDER</u>

This litigation arises out of the suspension of M.D.,[1] the minor child of Plaintiffs.[2] Pending before the Court is Defendants, St. Tammany Parish School Board ("the School Board"), Keven R. Darouse ("Darouse"), W.L. Folse, III ("Folse"), Leonard Tridico ("Tridico"), Neal M. Hennegan ("Hennegan"), Peter J. Jabbia ("Jabbia"), and Michael Astugue's ("Astugue") (collectively, "Movants") "Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement Pursuant to FRCP Rule 12(e)."[3] Having considered the motion, the memorandum in support, the memorandum in opposition, and the applicable law, the Court will grant in part and deny in part the pending motion.

---

[1] Out of respect for Plaintiffs' minor child's privacy and pursuant to Federal Rule of Civil Procedure 5.2, the Court will refer to Plaintiffs' child using only the child's initials, M.D. *See* Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may only include . . . the minor's initials . . . .").

[2] Rec. Doc. 1.

[3] Rec. Doc. 4.

## I. Background

### A.      *Factual Background*

In this litigation, Plaintiffs allege a variety of claims stemming from the questioning, search, and eventual suspension of their minor child M.D. for the child's alleged purchase and possession of drugs on school grounds.[4] Plaintiffs name as Defendants the School Board, as well as the following individuals: Bryan Gerchow ("Gerchow"),[5] a St. Tammany Parish Sheriff's Deputy; Darouse, a supervisor of administration for the School Board; Folse, supervisor of the School Board; Tridico, chief disciplinarian at M.D.'s high school; Hennegan, an elected member of the School Board; Jabbia, assistant supervisor for the School Board; and Astugue, assistant principal at M.D.'s high school.[6]

Plaintiffs allege that on January 8, 2016, M.D. was ordered to Tridico's office.[7] Plaintiffs allege that Tridico, in the presence of Gerchow, interrogated M.D. regarding drug allegations and searched M.D.[8] Plaintiffs further allege that Gerchow, Tridico, and Astugue forced M.D. to unlock his father's cell phone without notice to his father or a court order.[9] According to Plaintiffs, Gerchow, Tridico, and Astugue had no credible evidence to conduct the search and did not find

---

[4] Rec. Doc. 1 at 5.

[5] Gerchow does not join the instant motion.

[6] *Id.* at 3.

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.* at 6.

any evidence of wrongdoing during the search.[10] Plaintiffs further assert that Gerchow, Tridico, and Astugue forced M.D. to sign untrue statements.[11]

Plaintiffs allege that they were not notified of the questioning or search until after they had taken place and M.D. had been "recommended for expulsion on disciplinary and drug allegations and alleged possession."[12] Plaintiffs further allege that on January 14, 2016, the School Board and the other Defendants held a constitutionally inadequate hearing at which Darouse ordered a four semester suspension of M.D.[13] According to Plaintiffs, an appeal of M.D.'s suspension was denied.[14]

## B.    *Procedural Background*

On April 29, 2016, Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1983, alleging federal constitutional violations and seeking expungement of all relevant records, reversal of the suspension, and general and punitive damages against all Defendants.[15] On July 15, 2016, Gerchow filed an answer to the Complaint.[16] On July 18, 2016, Movants filed the instant motion

---

[10] *Id.*

[11] *Id.* at 9.

[12] *Id.* at 10.

[13] *Id.* at 11.

[14] *Id.* at 12.

[15] *Id.* at 14–15.

[16] Rec. Doc. 3. Gerchow does not join Movants' motion to dismiss.

to dismiss or alternatively, a motion for a more definite statement.[17]  Plaintiffs filed an opposition to the motion on July 26, 2016.[18]

## II. Parties' Arguments

### A.    *Movants' Arguments in Support of the Motion*

In support of their motion, Movants argue that the factual allegations in the Complaint do not give rise to a constitutional violation on the part of Movants and the claims must be dismissed.[19] First, Movants contend that Plaintiffs' claims against Folse, Jabbia, Hennegan, Darouse, Tridico, and Astugue, in their official capacities, should be dismissed because Plaintiffs have also named the School Board as a Defendant.[20] According to Movants, Plaintiffs seek to hold the School Board liable twice for the same alleged conduct by naming both the School Board and the other Movants in their official capacities.[21] Movants assert that as long as a government entity receives notice and an opportunity to respond, an official capacity suit is to be treated as a suit against the entity.[22] Thus, Movants argue that the claims against the individual Defendants in their official capacities should be dismissed.[23]

Next, Movants contend that Plaintiffs cannot recover punitive damages from the School

---

[17] Rec. Doc. 4.

[18] Rec. Doc. 5.

[19] Rec. Doc. 4-1 at 4.

[20] *Id.*

[21] *Id.* at 5.

[22] *Id.* (citing *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985)).

[23] *Id.*

Board, a political subdivision of Louisiana.[24]  Movants contend that a municipality is immune from punitive damages under 42 U.S.C. § 1983.[25]  Movants also argue that there are no factual allegations that would indicate that an award of punitive damages is appropriate.[26]

Next, Movants argue that the claims against them should be dismissed because Plaintiffs have not alleged specific conduct giving rise to a constitutional violation.[27]  According to Movants, Plaintiffs have attempted to assert the following claims in their Complaint: 1) a First Amendment claim against Tridico and Astugue; 2) a Fourth Amendment claim against all named Defendants; 3) Fifth and Fourteenth Amendment substantive and due process claims against all named Defendants; 4) a Fourteenth Amendment claim against all named Defendants; and 5) various additional state tort law claims.[28]

Movants argue that Plaintiffs have not alleged any facts to support a First Amendment claim and that it should therefore be dismissed.[29]  Movants next argue that there is no basis for a Fourth Amendment violation, because the Complaint alleges that M.D. consented to the search of his father's cell phone.[30]  Next, Movants contend that Plaintiffs' allegations regarding the search and disciplining of M.D. do not constitute violations of the Fifth and Fourth Amendments.[31]

---

[24] *Id.* at 6.

[25] *Id.* (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)).

[26] *Id.*

[27] *Id.* at 7.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 9.

[31] *Id.* at 10.

According to Movants, a plaintiff who brings a substantive due process claim must allege a deprivation of a constitutionally protected right and must demonstrate that the government action is not rationally related to a legitimate government interest.[32]

Moreover, Movants allege that a school official's liability arises only where a student shows that the official demonstrated a deliberate indifference to his or her constitutional rights.[33] Movants allege that even if individual Movants instituted an unlawful inspection of a cellphone, this matter does not rise to the level of a deprivation of substantive due process because there is no allegation that what individual Movants did was arbitrary, capricious, or wholly unrelated to the legitimate goal of maintaining an atmosphere conducive to learning.[34] Movants further argue that Plaintiffs have not alleged a claim for deprivation of education in violation of the Due Process Clause, because Louisiana's school system allows for alternative education placements in cases involving recommended expulsions and suspensions and M.D. was afforded an alternative education placement in this case.[35]

Next, Movants argue that M.D. was not denied due process and that whatever process was due was minimal, as he was never at risk of total exclusion from school.[36] In the instant case, Movants argue that it is alleged that Plaintiffs were given notice and an opportunity to be heard.[37]

---

[32] *Id.* at 11 (citing *Cripps v. La. Dep't of Agric. & Forestry,* 819 F.3d 221, 232 (5th Cir. 2016); *Mikeska v. City of Galveston*, 451 F.3d 376 (5th Cir. 2006)).

[33] *Id.* (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994)).

[34] *Id.* at 11–12 (citing *Fee v. Herndon*, 900 F.2d 804, 808 (5th Cir. 1990)).

[35] *Id.* at 12–13 (citing *Swindle v. Livingston Parish Sch. Bd.*, 655 F.3d 386, 394 (5th Cir. 2011)).

[36] *Id.* at 14.

[37] *Id.* at 15.

Thus, because Plaintiffs' Complaint demonstrates that they were given adequate due process, Movants argue that Plaintiffs cannot show a violation of due process. Defendants next contend that Plaintiffs have failed to exhaust all of their administrative and state court remedies.[38] According to Movants, Plaintiffs had an opportunity to appeal the decision to suspend M.D. for two years before the fifteen member School Board but refused to adequately participate in the process.[39] Movants further contend that Plaintiffs failed to appeal the matter to the state district court in accordance with Louisiana Revised Statute § 17:416 (C)(5).[40] Because Plaintiffs have not exhausted their state and administrative remedies, Movants argue that their claims should be dismissed.[41]

Movants next argue that Darouse and Hennegan, as decision makers at the School Board disciplinary hearing, are entitled to qualified immunity and Plaintiffs' Complaint related to the sufficiency of the evidence at those hearings does not overcome qualified immunity.[42] Movants further contend that all of the individual Movants are entitled to qualified immunity, because Plaintiffs cannot make out a violation of constitutional right.[43] According to Movants, even assuming that Plaintiffs were able to establish the violation of a constitutional right, Plaintiffs are unable to show that the right that was violated was clearly established.[44] Thus, Movants aver that

---

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 17.

[43] *Id.* at 18.

[44] *Id.*

the claims against the individual Movants should be dismissed on the basis of qualified immunity.[45]

Finally, Movants argue that Plaintiffs appear to raise but cannot prevail on state law claims against them.[46] Movants argue that Plaintiffs cannot recover on any state law claims pursuant to Louisiana Revised Statute § 17:439, because the individual Defendants were all performing their duties with the Board at the time of the act or omission giving rise to Plaintiffs' claims.[47] Movants further contend that in the absence of a federal claim, the Court should decline to exercise jurisdiction over any remaining state law claims.[48]

Movants lastly argue that in the alternative, the Court should require that Plaintiffs submit a more definite statement pursuant to Rule 12(e) because the Complaint is so vague that Defendants cannot reasonably prepare a response.[49] According to Movants, the Complaint fails to make individualized allegations as to what constitutional rights were violated and by which Defendants.[50]

### B. Plaintiffs' Arguments in Opposition to the Motion

In opposition, Plaintiffs contend that they have sufficiently pleaded their allegations.[51] Plaintiffs argue that a specific statutory remedy exists for all of the alleged injuries asserted in the

---

[45] *Id.* at 20.

[46] *Id.*

[47] *Id.* (citing La. Rev. Stat. § 17:439).

[48] *Id.*

[49] *Id.* at 24.

[50] *Id.*

[51] Rec. Doc. 5 at 2–3.

Complaint and that the Complaint should not be dismissed.[52] Plaintiffs set forth the following "catalog" of "civil rights violations" that they argue were raised in the Complaint: 1) excessive detention and imprisonment of a minor child; 2) threats and intimidation of a minor during the unlawful detention; 3) failure to provide a *Miranda* warning; 4) failure to provide timely notice to the minor's legal guardian; 5) forcing the minor through threats to "unwillingly" unlock his father's cellphone; 6) unlawfully invading the private contents of the constitutionally protected cellphone; 7) "rigging" the implementation of the School Board's disciplinary procedures to make it appear that substantive and procedural due process were available when in fact the procedures were designed to fix the end result; 8) failure to advise Plaintiffs of their rights during the initial appeals process; 9) "stag[ing]" the appeal to the entire School Board, fixing the results and cross examining M.D. with no input from Plaintiffs or their attorneys; 10) attempting to intimidate and prevent Plaintiffs from pursuing an appeal; and 11) denying Plaintiffs equal protection under law by treating another student differently for the same acts.[53]

Plaintiffs contend that M.D. did not consent to unlocking his father's cell phone.[54] According to Plaintiffs, this is a contested issue and should not be considered on a motion to dismiss pursuant to Rule 12(b)(6).[55] Plaintiffs next argue that they did exhaust their administrative remedies by filing an initial appeal of M.D.'s suspension and an appeal before the entire School

---

[52] *Id.* at 6.

[53] *Id.* at 6–10.

[54] *Id.* at 10.

[55] *Id.* at 11.

Board.[56] Plaintiffs aver that the School Board and individual Defendants were not sued for performing legitimate governmental functions but for their intentional actions, which exceeded their governmental functions.[57] Thus, Plaintiffs argue that Movants are not entitled to qualified immunity.[58]

According to Plaintiffs, the School Board provided M.D. with an online education alternative, but his family has instead been homeschooling M.D. "and it has been working satisfactorily for months."[59] However, Plaintiffs assert that they want Defendants to be required to reverse the decision to suspend M.D. from a school setting with his peers.[60]

Next, Plaintiffs argue that the contents of a cell phone are private and protected by searches under the First, Fourth, and Fifth Amendments made applicable to school boards by the Fourteenth Amendment.[61] Plaintiffs argue that the claims against the individual Defendants are not congruent with the claims against the School Board and should not be dismissed.[62] According to Plaintiffs, the claims against the School Board differ from the claims against the individual Defendants. As an example, Plaintiffs note that there may be "punitive damages not available against the school board which is a subdivision of a state."[63]

---

[56] *Id.* at 5.

[57] *Id.* at 12.

[58] *Id.*

[59] *Id.* at 13.

[60] *Id.*

[61] *Id.* (citing *Gallimore v. Henrico Cnty. School Board*, No. 14-0009 (E.D. Va. Aug. 5, 2014) (case settled)).

[62] *Id.* at 14.

[63] *Id.*

### III. Law and Analysis

**A.      *Legal Standard for Rule 12(b)(6) Motion to Dismiss***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[64]  A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[65]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[66]  "Factual allegations must be enough to raise a right to relief above the speculative level."[67]  A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[68]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[69]  However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[70]  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[71] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[64] Fed. R. Civ. P. 12(b)(6).

[65] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[66] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[67] *Twombly*, 550 U.S. at 556.

[68] *Id.* at 570.

[69] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[70] *Iqbal*, 556 U.S. at 677–78.

[71] *Id.* at 679.

statements" will not suffice.[72] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[73] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[74] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[75] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[76]

**B.   Legal Standard for Rule 12(e) Motion for a More Definite Statement**

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[77] The motion must state the defects in the pleading and the details desired.[78] A party may not use a Rule 12(e) motion as a substitute for discovery.[79] However, the Supreme Court has held that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule

---

[72] *Id.* at 678.

[73] *Id.*

[74] *Id.*

[75] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[76] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[77] Fed. R. Civ. P. 12(e). *See Cole v. JEBF Holdings, LLC*, No. 14-0298, 2014 WL 6327088, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.).

[78] *See* Fed. R. Civ. P. 12(e).

[79] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

12(e) motion may be appropriate.[80] In deciding whether to grant a Rule 12(e) motion for a more definite statement, the trial judge is given considerable discretion.[81]

## C.     *Legal Standard on Qualified Immunity*

To bring a claim under 42 U.S.C. § 1983, a plaintiff is required to allege facts demonstrating that: (1) the defendant violated the Constitution or federal law; and (2) that the defendant was acting under the color of state law while doing so.[82] The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[83] Qualified immunity is an "immunity from suit rather than a mere defense to liability."[84] In this manner, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[85] Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[86]

In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[87] Part one asks the following question: "Taken in

---

[80] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

[81] *See Mitchell*, 269 F.2d at 129. *See also Cole*, 2014 WL 6327088, at *2 (internal citation omitted) ("A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.").

[82] *See Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005).

[83] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[84] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

[85] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

[86] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[87] 533 U.S. 194 (2001).

the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[88] Part two inquires whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[89] The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[90]

In the context of a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"[91] Heightened pleading in qualified immunity cases requires that plaintiffs "rest their complaint on more than conclusions alone and plead their case with precision and factual specificity."[92] "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[93]

## C.    Analysis

Movants argue that pursuant to Rule 12(b)(6): (1) Plaintiffs' claims against the School Board should be dismissed for failure to state a claim;[94] and (2) Plaintiffs' claims against the

---

[88] *Id.* at 201.

[89] *Id.* at 202.

[90] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

[91] *Backe*, 691 F.3d at 648 (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.2d 991, 994 (5th Cir. 1995)).

[92] *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003) (citing *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1989)).

[93] *Backe*, 691 F.3d at 645.

[94] Rec. Doc. 4-1 at 6.

individual Movants should be dismissed for failure to state a claim.[95]  In the alternative, Movants

argue that the Court should require Plaintiffs to file a more definite statement pursuant to Rule

12(e).[96]  The Court will address Movants' arguments in turn.

### 1.  Whether Plaintiffs' Claims against the School Board should be Dismissed

### a.  *Plaintiffs' Request for Punitive Damages under 42 U.S.C. § 1983*

Movants argue that Plaintiffs have failed to state a claim under Section 1983 for which

punitive damages may be recovered against the School Board, because a municipality is immune

from punitive damages under Section 1983 and a school board is a municipal entity.[97]  Plaintiffs

do not directly address Movants' arguments regarding punitive damages in their opposition. The

Court notes that Plaintiffs appear to recognize in their opposition that punitive damages are "not

available against the school board which is a subdivision of a state,"[98]  though it is unclear whether

Plaintiffs concede that they are abandoning such a request for punitive damages under Section

1983. It is well settled that punitive damages are not available against a local government entity,

such as the School Board, under Section 1983.[99]  Because, as a matter of law, Plaintiffs may not

recover for punitive damages under Section 1983 against the School Board, the Court will dismiss

Plaintiffs' request for punitive damages against the School Board under Section 1983 pursuant to

---

[95] *Id.* at 4, 16.

[96] *Id.* at 24.

[97] *See id.* (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)).

[98] Rec. Doc. 5 at 14.

[99] *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not available from a municipality under Section 1983); *Mt. Health City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (holding that a school board is more like a municipality than an arm of the state for Section 1983 purposes). *See also Montgomery v. Killingsworth*, No. 08-3554, 2013 WL 209021, at *2 (E.D. La. Jan. 17, 2013) (dismissing plaintiff's claim for punitive damages against municipality under Section 1983).

Rule 12(b)(6).[100]

### b.    Plaintiffs' Claims against the School Board

Movants argue that the claims against the School Board should be dismissed because Plaintiffs have not alleged specific conduct giving rise to a constitutional violation.[101] Plaintiffs do not directly address Movants' argument regarding the claims against the School Board in their opposition except to state that their claims against the School Board "encompass long standing violations of approvals of illegal policies, procedures, or practices which can not [*sic*] be attributed to any individual defendants' described actions."[102]

A municipal entity is subject to liability under Section 1983 only when the violation of the plaintiff's federally protected right can be attributable to the enforcement of a municipal policy, practice, or decision of a final municipal policy maker.[103] Thus, a municipality may not be held liable under Section 1983 on the basis of *respondeat superior* but only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."[104] The Fifth Circuit has instructed that a local government entity may be sued "if it is alleged to have caused a constitutional tort through 'a policy statement ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" [105] Alternatively,

---

[100] *See Killingsworth*, 2013 WL 209021, at *2.

[101] Rec. Doc. 4-1 at 6.

[102] Rec. Doc. 5 at 14.

[103] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[104] *Id.*

[105] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)).

municipal liability may attach where the constitutional deprivation is "pursuant to a governmental custom, even if such custom has not received formal approval."[106]

Plaintiffs allege in their Complaint that the School Board implemented a "policy which is guaranteed to block compliance with Constitutional due process in any form preventing citizens from having any contradictory hearing."[107] However, Plaintiffs do not identify the specific policy implemented by the School Board and whether the alleged policy was adopted and promulgated by the School Board's officers.[108] Thus, Plaintiffs have failed to allege a claim against the School Board under Section 1983 with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted."[109] Short of granting a motion to dismiss, the Court may grant a plaintiff leave to amend his or her complaint.[110] Thus, the Court will grant Movants' request for a more definite statement pursuant to Rule 12(e) and allow Plaintiffs leave to amend their Complaint to sufficiently allege, if possible, a claim under Section 1983 against the School Board.

The Court notes that it appears from the Complaint that Plaintiffs also attempt to bring a claim under state law against the School Board. Plaintiffs broadly state in their Complaint that they seek relief from all Defendants for "attorney fees needlessly incurred by Plaintiffs in defending

---

[106] *Id.* (citing *Monell*, 436 U.S. at 690–91).

[107] Rec. Doc. 1 at 4.

[108] *See Zarnow*, 614 F.3d at 166.

[109] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

[110] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).

against willful bad faith disciplinary actions under color of law, unconstitutional policy and procedures intentionally and willfully violative of . . . Louisiana's own constitution and statute LSA R.S. 17:416 which Defendants willfully and intentionally ignored."[111] Louisiana Revised Statute § 17:416, entitled "Discipline of students; suspension; expulsion," is divided into ten separate sections, and contains numerous provisions regarding the disciplining of students.[112] Plaintiffs have failed to identify which provision of the statute the School Board violated and through what policy or practice.

Thus, Plaintiffs have failed to allege a claim against the School Board under state law with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[113] Accordingly, the Court will grant Movants' request for a more definite statement pursuant to Rule 12(e) and allow Plaintiffs to amend their Complaint to specifically allege, if possible, a claim under Louisiana Revised Statute § 17:416 against the School Board.

### 2. Whether Plaintiffs' Claims against the Individual Defendants should be Dismissed

#### a. *Plaintiffs' Federal Claims against the Individual Defendants*

In their motion, Movants argue that the federal claims against them should be dismissed for failure to state a claim and that the individual Movants are entitled to qualified immunity.[114]

---

[111] Rec. Doc. 1 at 14.

[112] *See* La. Rev. Stat. § 17:416(A)-(J).

[113] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (internal citation omitted).

[114] Rec. Doc. 4-1 at 4, 16.

Alternatively, Movants argue that the Court should require Plaintiffs to file a more definite statement pursuant to Rule 12(e) because the Complaint is so vague and ambiguous that Movants cannot reasonably prepare a response.[115] In particular, Movants argue that the Complaint fails to make individualized allegations as to the specific actions taken by each Defendant that violated Plaintiffs' rights.[116] In opposition to the motion, Plaintiffs argue that in order to survive a motion to dismiss pursuant to Rule 12(b)(6) they are not required to plead "an absolute liability or a 'lock cinch' claim on every issue in the initial federal complaint, as long as the petition demonstrates that the claims themselves are susceptible to being made an entertained under some legal theory in the federal courts."[117]

Plaintiffs appear to argue that their Complaint satisfies the "notice pleading" requirement of Rule 8(a)(2). However, when a plaintiff sues government officials in their individual capacities under Section 1983, the Fifth Circuit has held that a plaintiff must allege specific conduct giving rise to a constitutional violation of their civil rights.[118] In contrast, "no heightened pleading is required in actions against individual defendants in their official capacities, because official-capacity lawsuits are typically an alternative means of pleading an action against the governmental entity involved."[119]

Here, Plaintiffs have not identified, in their Complaint or in their opposition to the motion,

---

[115] *Id.* at 24.

[116] *Id.*

[117] Rec. Doc. 5 at 5.

[118] *Anderson v. Pasadena Ind. School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (citing *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)).

[119] *Id.* (internal citation and quotation marks omitted).

whether they are suing the individual Movants under Section 1983 in their personal capacities, official capacities, or both. Plaintiffs have pleaded no factual allegations as to Defendant Folse. Moreover, Plaintiffs do not identify any specific constitutional right violated by the actions of individual Defendants Darouse, Hennegan, and Jabbia. In the Complaint, Plaintiffs do allege that Tridico and Astugue "illegally seized" and accessed the cell phone in M.D.'s possession in violation of the First, Fourth, and Fifth Amendments.[120] However, Plaintiffs have also pleaded general, sweeping allegations of constitutional violations against *all* Defendants without identifying the specific conduct of a particular individual Movant giving rise to the constitutional violation and have failed to state whether they are suing the individual Movants in their official or personal capacities. Because of these broad allegations and the failure to identify the capacity in which the individual Movants are sued, it is impossible even for Tridico and Astugue to determine all of the violations for which Plaintiffs allege they are responsible and in what capacity.

For example, without identifying specific individual Defendants, Plaintiffs broadly allege that Defendants implemented an unconstitutional disciplinary procedure "designed to provide no required notice, procedural or substantive due process for citizens and Plaintiffs"[121] and that Defendants' accusations of M.D.'s misbehavior "comprised clear violations of [M.D.'s] fundamental civil rights through unequal protection of the law and subjective punishment."[122] Given the broad and conclusory nature of such allegations, it is difficult, if not impossible, to determine from the Complaint which individual Movants are being sued for which constitutional

---

[120] Rec. Doc. 1 at 6–7.

[121] *Id.* at 14.

[122] *Id.* at 15.

violations and the specific conduct giving rise to each alleged constitutional violation. The ambiguity of Plaintiffs' Complaint is highlighted in Plaintiffs' opposition to Movants' motion in which Plaintiffs list eleven "violations of civil rights" that they allege they raised in their Complaint but do not identify the individual Defendants and the specific actions that allegedly gave rise to each of the violations.[123]

Accordingly, Plaintiffs have failed to allege claims against the individual Movants under Section 1983 with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). However, the Court is again cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted."[124] The Court will therefore grant Movants' request for a more definite statement as to the federal claims against them pursuant to Rule 12(e) and allow Plaintiffs leave to amend the Complaint to provide a more definite statement of their claims for relief under Section 1983 against the individual Movants, including a non-conclusory statement of the specific conduct in which each individual Movant engaged to violate their rights and whether they are suing the individual Movants in their personal or official capacities.

### b.  *Plaintiffs' State Law Claims against the Individual Defendants*

Movants next argue that to the extent Plaintiffs bring state law claims against them, the individual Defendants are immune from suit pursuant to Louisiana Revised Statute § 17:439, which limits the liability of school employees for actions that occurred within the course and scope

---

[123] Rec. Doc. 5 at 6.

[124] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

of the school employee's job duties.[125] Plaintiffs do not address Movants' arguments regarding Louisiana Revised Statute § 17:439 in their opposition to the motion. In fact, the Court notes that Plaintiffs' opposition does not address any violations of state law and instead argues that Plaintiffs have sufficiently pleaded claims for civil rights violations under Section 1983.[126]

Plaintiffs' Complaint likewise does not allege violations of state law against any specific individual Defendant. The Complaint broadly alleges that the School Board "and the other Defendants herein" held a disciplinary action "supposedly pursuant to LSA R.R. 17:416" and that the hearing was a "poor imitation of the requirements of the Louisiana statute."[127] In another section of the Complaint in which Plaintiffs seek "redress under Section 1983," Plaintiffs generally allege that Defendants willfully and intentionally ignored Louisiana Revised Statute § 17:416.[128]

From the conclusory and broad allegations in the Complaint directed generally at all Defendants, it is unclear which state law claims, if any, Plaintiffs bring against the individual Movants in this action. It is also unclear whether any state law claims Plaintiffs may bring are based on individual Movants' actions or statements that occurred "within the course and scope of the school employee's duties" for which individual Movants would be entitled to immunity under Louisiana Revised Statute § 17:439(A).[129] In their opposition, Plaintiffs contend that they are suing Defendants for "their intentional actions . . . which exceeded their authorized governmental

---

[125] *See* Rec. Doc. 4-1 at 20.

[126] *See* Rec. Doc. 5 at 6.

[127] *See* Rec. Doc. 1 at 10.

[128] *Id.* at 14.

[129] *See* La. Rev. Stat. § 17:439(A).

functions."[130] The Court recognizes that Louisiana Revised Statute § 17:439 does not limit liability for a school employee who "maliciously, willfully, and deliberately intended to . . . harass or intimidate a student."[131] However, Plaintiffs fail to specifically allege in their Complaint what actions the individual Movants took that exceeded their authorized governmental functions or occurred outside the course and scope of their duties as school employees.[132]

Accordingly, the Court finds that Plaintiffs have failed to allege a claim against the individual Movants under state law with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). However, again mindful that dismissal is a harsh remedy and rarely granted, the Court will grant Movants' alternative request for a more definite statement pursuant to Rule 12(e) and allow Plaintiffs leave to amend the Complaint to provide a more definite statement of their claims for relief against the individual Movants under state law.

### 3.   Whether Plaintiffs' Claims should be Dismissed for Failure to Plead Exhaustion of State Remedies

Finally, the Court notes that Movants argue that Plaintiffs' claims against them should be dismissed, because Plaintiffs have failed to exhaust their administrative and state court remedies before filing the instant suit pursuant to Louisiana Revised Statute § 17:416(C)(5).[133] However, there is no general requirement that a plaintiff exhaust state administrative or judicial remedies before pursuing a claim under Section 1983.[134] Moreover, the statute cited by Defendants in

---

[130] *See* Rec. Doc. 5 at 12 (emphasis in original).

[131] La. Rev. Stat. § 17:439(C).

[132] *See* La. Rev. Stat. § 17:439(A).

[133] Rec. Doc. 4-1 at 15.

[134] *Romano v. Greenstein*, 721 F.3d 373, 376 (5th Cir. 2013) (citing *Patsy v. Bd. of Regents of Fla.*, 457 U.S. 496, 516 (1982)).

support of this argument simply states that a parent *may* appeal a school board's disciplinary decision to the state district court for the parish in which the student's school is located.[135] Defendants have failed to point to any authority to support their contention that Plaintiffs are required to allege that they appealed the School Board's decision to the state district court before pursuing their claims under Section 1983. Thus, Defendants have not shown that dismissal of Plaintiffs' claims against Movants on this basis is warranted.

## IV. Conclusion

The Court finds that Plaintiffs have failed to allege a claim against the School Board under Section 1983 with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). However, mindful that dismissal is a harsh remedy and considering that Movants have alternatively requested a more definite statement pursuant to Rule 12(e), the Court will allow Plaintiffs to amend their Complaint to specifically allege, if possible, a claim under Section 1983 against the School Board. The Court also finds that Plaintiffs have failed to allege a claim against the School Board under Louisiana Revised Statute § 17:416 with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). The Court will likewise grant Movants' motion for a more definite statement pursuant to Rule 12(e) and allow Plaintiffs to amend their Complaint to specifically allege, if possible, a claim under Louisiana Revised Statute § 17:416 against the School Board. To the extent Plaintiffs request punitive damages under Section 1983 for its claims against the School Board under Section 1983, the Court will grant dismissal of Plaintiffs' request for punitive damages against the School Board pursuant to Rule 12(b)(6), as such a request is not permitted under Section 1983 as a matter of law.

---

[135] La. Rev. Stat. § 17:416(C)(5).

The Court further finds that Plaintiffs have failed to allege federal or state law claims against the individual Movants with sufficient specificity to survive a motion to dismiss under Rule 12(b)(6). However, again mindful that dismissal is a harsh remedy and considering that Movants have alternatively requested a more definite statement pursuant to Rule 12(e), the Court will allow Plaintiffs leave to amend the Complaint to provide: (1) a more definite statement of their claims against the individual Movants for relief under Section 1983, including a non-conclusory statement of the specific conduct in which individual Movants engaged to violate their rights and whether they are suing the individual Movants in their personal or official capacities; and (2) a more definite statement of their claims for relief against the individual Movants under state law.

Accordingly,

**IT IS HEREBY ORDERED** that Movants' "Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement Pursuant to FRCP Rule 12(e)" [136] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED IN PART** to the extent that Plaintiffs' request for punitive damages for its claims against the School Board under 42 U.S.C. § 1983 is dismissed. The motion is also **GRANTED IN PART** to the extent that Movants request a more definite statement pursuant to Rule 12(e) as to the federal and state law claims against Movants. The motion is **DENIED IN PART** to the extent it requests dismissal of Plaintiffs' federal and state law claims against Movants.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to amend their Complaint within 21 days of this Order. Plaintiffs are to amend their Complaint to provide a more definite

---

[136] Rec. Doc. 4.

statement of: (1) their federal and state law claims against the School Board; (2) their claims against the individual Movants for relief under Section 1983, including a non-conclusory statement of the specific conduct in which individual Movants engaged to violate their rights and whether they are suing the individual Movants in their personal or official capacities; and (3) their claims for relief against the individual Movants under state law. If Plaintiffs fail to amend their Complaint within 21 days, upon a motion by Defendants, their claims against Movants will be dismissed.

**NEW ORLEANS, LOUISIANA,** this 27th day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

26