# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DeCOSSAS, et al. | CIVIL ACTION |
| VERSUS | CASE NO. 16-3786 |
| ST. TAMMANY PARISH SCHOOL BOARD, et al. | SECTION: "G" (5) |

## <u>ORDER</u>

This litigation arises out of the suspension of M.D.,[1] a minor child who attended a public high school in St. Tammany Parish.[2] Pending before the Court is Defendant Bryan Gerchow's ("Deputy Gerchow") "Motion for Summary Judgment."[3] Deputy Gerchow was a school resource officer at M.D.'s school and an employee of the St. Tammany Parish Sheriff's Office.[4] Having considered the motion, the memoranda in support and in opposition and reply, and the applicable law, the Court will grant the pending motion to the extent that it requests summary judgment on Plaintiffs' claims against Deputy Gerchow under 42 U.S.C. § 1983 in both his personal and official capacities and declines to exercise supplemental jurisdiction over any remaining state law claims against Deputy Gerchow.

---

[1] Out of respect for Plaintiffs' minor child's privacy and pursuant to Federal Rule of Civil Procedure 5.2, the Court will refer to Plaintiffs' child using only the child's initials, M.D. *See* Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may only include . . . the minor's initials . . . .").

[2] Rec. Doc. 1.

[3] Rec. Doc. 61.

[4] Rec. Doc. 44-2 at 1.

# I. Background

## A.      *Factual Background*

In this litigation, M.D., a former student of Fontainebleau High School in Mandeville, Louisiana ("FHS"), alleges that he was unconstitutionally coerced by FHS personnel into unlocking his father's cellphone on January 8, 2016, when he was still a student at the school.[5] M.D. claims that the contents of the cellphone were perused by FHS personnel.[6] M.D. further alleges that FHS personnel used the results of their review of the cellphone's contents, along with a statement given by another student but allegedly contrived by FHS personnel, to wear M.D. down until he signed an "untrue" statement related to school drug violations.[7] M.D. alleges that the "fruits" of the allegedly unconstitutional search of his father's phone were utilized by FHS personnel and ultimately, the St. Tammany Parish School Board to impose and affirm his expulsion from FHS.[8] M.D. and his parents each seek relief under 42 U.S.C. § 1983 and appear to bring claims under state law as well.[9]

Plaintiffs name as Defendants the St. Tammany Parish School Board, as well as the following individuals: Deputy Gerchow, a St. Tammany Parish Sheriff's Deputy and school resource officer at M.D.'s school; Kevin Darouse ("Darouse"), a supervisor of administration for

---

[5] Rec. Doc. 15 at 11.

[6] *Id.*

[7] *Id.* at 11–13.

[8] *Id.* at 23–27.

[9] *Id.* at 1, 30.

the School Board; W.L. "Trey" Folse ("Folse"), supervisor of the School Board; Leonard Tridico ("Tridico"), chief disciplinarian at M.D.'s high school; Neal Hennegan ("Hennegan"), an elected member of the School Board; Peter Jabbia ("Jabbia"), assistant supervisor for the School Board; and Michael Astugue ("Astugue"), assistant principal at M.D.'s high school.[10]

## B.    *Procedural Background*

On April 29, 2016, Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1983, alleging federal constitutional violations and seeking expungement of all relevant records, reversal of the suspension, and general and punitive damages against all Defendants.[11]  On July 15, 2016, Deputy Gerchow filed an answer to the complaint.[12]  On July 18, 2016, Defendants St. Tammany Parish School Board, Darouse, Folse, Tridico, Hennegan, Jabbia, and Astugue (collectively "School Board Defendants") filed a "Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement Pursuant to FRCP Rule 12(e)."[13]  On March 27, 2017, the Court granted the motion in part to the extent that it requested a more definite statement and granted Plaintiffs 21 days to amend the complaint to provide a more definite statement of: "(1) their federal and state law claims against the School Board; (2) their claims against the individual Movants for relief under Section 1983, including a non-conclusory statement of the specific conduct in which individual Movants engaged to violate their rights and whether they are suing the individual

---

[10] *Id.* at 1–2.

[11] Rec. Doc. 1.

[12] Rec. Doc. 3.

[13] Rec. Doc. 4. Deputy Gerchow did not join the motion.

Movants in their personal or official capacities; and (3) their claims for relief against the individual Movants under state law."[14] On April 17, 2017, Plaintiffs filed an amended complaint.[15]

Deputy Gerchow filed the instant motion for summary judgment on July 17, 2017.[16] Plaintiffs filed an opposition on July 25, 2017.[17] With leave of Court, Deputy Gerchow filed a reply on July 31, 2017.[18]

## II. Parties' Arguments

### A.    *Deputy Gerchow's Arguments in Support of the Motion for Summary Judgment*

In support of the motion, Deputy Gerchow argues that he is entitled to summary judgment on Plaintiffs' claims under 42 U.S.C. § 1983.[19] According to Deputy Gerchow, Plaintiffs cannot establish that Deputy Gerchow was actually involved in the actions giving rise to their complaint.[20] According to Deputy Gerchow, the undisputed facts in the record establish that Deputy Gerchow: (1) never searched M.D.'s phone; (2) never threatened M.D.; and (3) never "took any part in M.D. giving any written statement, whether used against him in school proceedings by FHS personnel or otherwise."[21] Deputy Gerchow avers that to establish personal liability under Section 1983, a claimant must demonstrate that a defendant was personally involved in the deprivation of a right

---

[14] Rec. Doc. 14 at 26.

[15] Rec. Doc. 15.

[16] Rec. Doc. 61.

[17] Rec. Doc. 70.

[18] Rec. Doc. 77.

[19] Rec. Doc. 61-1 at 3.

[20] *Id.*

[21] *Id.* at 5.

or that the defendant's wrongful acts were causally connected to the deprivation.[22] Here, Deputy Gerchow avers that he cannot be liable, because he had no personal involvement in the search of M.D.'s phone; never threatened M.D.; and did not secure any written statement from M.D.[23] According to Deputy Gerchow, there "simply was no personal involvement by Deputy Gerchow in this matter which can be construed as a deprivation of rights or that was causally connected to a deprivation of rights."[24] Alternatively, Deputy Gerchow asserts that he is entitled to qualified immunity on Plaintiffs' claims against him under Section 1983 in his individual capacity.[25]

Next, Deputy Gerchow incorporates the arguments in his memoranda submitted in conjunction with the motion to dismiss that he filed on May 1, 2017.[26] In that briefing, Deputy Gerchow avers that: (1) M.D.'s mother, individually, has failed to state a claim against Deputy Gerchow; (2) none of the plaintiffs have stated a cognizable claim against Deputy Gerchow, and regardless, Deputy Gerchow is entitled to qualified immunity in his individual capacity for both federal and state law claims; and (3) any allegations against Deputy Gerchow in his official capacity are in fact against the St. Tammany Parish Sheriff's Office, Deputy Gerchow's alleged employer, and should be dismissed, as no allegations are made regarding a policy or custom of the Sheriff's Office that caused injury to Plaintiffs.[27] Because, Deputy Gerchow argues, the uncontroverted evidence in the record indicates that no genuine issue of material fact exists as to

---

[22] *Id.* (citing *Jones v. Lowndes Cnty.*, 678 F.3d 344, 349 (5th Cir. 2012)).

[23] *Id.*

[24] *Id.*

[25] *Id.* at 2.

[26] *Id.* (citing Rec. Doc. 17).

[27] *Id.* at 6.

Deputy Gerchow's involvement in the events at issue, Deputy Gerchow contends that he is entitled to summary judgment in his favor as to the claims against him in both his official and individual capacities.[28]

B.     *Plaintiffs' Arguments in Opposition to the Motion for Summary Judgment*

In opposition, Plaintiffs argue that the case is "full of triable disputed facts."[29] Plaintiffs aver that School Board employees and Deputy Gerchow attempted to "extend their non-existent authority" to investigate students beyond the school campus and hours.[30] Plaintiffs argue that the School Board Defendants used Deputy Gerchow "as the muscle" to detain M.D. and intimidate M.D. "with threats of physical violence, arrest, or both."[31] According to Plaintiffs, Defendants knowingly violated Plaintiffs' civil rights by threatening M.D. to unlock his father's cellphone from which "they illegally copied and printed constitutionally protected private data" in violation of the First Amendment and forced M.D. to become a witness against himself in violation of the Fifth Amendment.[32] Plaintiffs argue that it is clear that Deputy Gerchow had access to the "illegally obtained data to personally interrogate M.D." and that the School Board and Deputy Gerchow used the data to intimidate M.D. into signing statements, "which they fabricated."[33] According to Plaintiffs, Deputy Gerchow had M.D. draw maps to other places where drugs might

---

[28] *Id.* at 6–7.

[29] Rec. Doc. 70 at 1.

[30] *Id.*

[31] *Id.* at 1–2.

[32] *Id.* at 2.

[33] *Id.*

be found, "regardless of whether it was school grounds or other times and places."[34] Finally, Plaintiffs attach affidavits submitted by M.D. and M.D.'s mother, which Plaintiffs aver demonstrate that there are "multiple items of justiciable issues of triable facts."[35]

## C.    *Deputy Gerchow's Reply in Further Support of the Motion for Summary Judgment*

In reply, Deputy Gerchow argues that in responding to Deputy Gerchow's statement of uncontested facts, Plaintiffs deny statements taken from M.D.'s sworn testimony without reference to any materials in the record.[36] Deputy Gerchow maintains that there is no dispute of material fact as to his liability under Section 1983.[37] Based on M.D.'s sworn testimony, Deputy Gerchow argues that it is uncontested that M.D. has no knowledge of Deputy Gerchow ever holding or looking at the cellphone.[38] Nonetheless, Deputy Gerchow asserts that in Plaintiffs' opposition, Plaintiffs deny M.D.'s own sworn statement without citing to any evidence in the record.[39] According to Deputy Gerchow, Plaintiffs now claim that Deputy Gerchow had access to the phone and saw the phone but do not cite to any evidence to support this assertion.[40] Deputy Gerchow further avers that it is undisputed that he never verbally or physically threatened M.D. based on M.D.'s testimony, but that Plaintiffs deny M.D.'s own deposition testimony in their opposition

---

[34] *Id.*

[35] *Id.* at 2–3. Plaintiffs also incorporate the arguments contained in their opposition to the School Board's motion for summary judgment, which is also currently pending before the Court. *See* Rec. Doc. 62.

[36] Rec. Doc. 77 at 1.

[37] *Id.*

[38] *Id.* at 1–2 (citing Rec. Doc. 44-2 at 7–8).

[39] *Id.*

[40] *Id.* at 2 (citing Rec. Doc. 70-1 at 2; Rec. Doc. 71-2 at 2).

without citing to any record evidence in support of that denial.[41] Moreover, Deputy Gerchow asserts that based on M.D.'s sworn testimony, it is undisputed that he was not present in the room when M.D. provided written statements to school personnel and that he had no further involvement in any of M.D.'s dealings with FHS personnel after that time.[42] However, Deputy Gerchow avers that Plaintiffs also deny this fact without citing to any record evidence.[43] Finally, Deputy Gerchow argues that in an email produced by Plaintiffs, M.D.'s mother admitted that M.D. was completely honest with disciplinary staff and made a poor decision to buy ADHD medication from another student.[44] However, Deputy Gerchow notes that Plaintiffs nevertheless deny that the email was ever written.[45] Deputy Gerchow argues that Plaintiffs cannot rely on unsupported and conclusory denials to sustain their claims at the summary judgment stage.[46]

Next, Deputy Gerchow contends that M.D.'s mother's affidavit should not be considered by the Court, because it is not based on personal knowledge.[47] According to Deputy Gerchow, M.D.'s mother claims that she was not contacted by school officials until after M.D. was suspended but seeks to give a personal account of what happened to M.D. at school before that time.[48] Deputy Gerchow argues that because M.D.'s mother's affidavit contains hearsay and statements that are

---

[41] *Id.* at 2–3 (citing Rec. Doc. 44-2 at 9–10; Rec. Doc. 70-1 at 2).

[42] *Id.* (citing Rec. Doc. 44-2 at 5–7; Rec. Doc. 35-8 at 59).

[43] *Id.* at 4 (citing Rec. Doc. 70-1 at 2).

[44] *Id.* (citing Rec. Doc. 44-4).

[45] *Id.* (Rec. Doc. 70-1 at 2).

[46] *Id.*

[47] *Id.* at 4–5 (citing Rec. Doc. 70-2).

[48] *Id.* at 5 (citing Rec. Doc. 70-2).

not based on personal knowledge, he objects to the use of the affidavit as summary judgment evidence.[49]

### III. Law and Analysis

*A.* *Legal Standard for Motion for Summary Judgment under Rule 56*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[50] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[51] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[52] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[53]

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue

---

[49] *Id.* at 6–7.

[50] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)*; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[51] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[52] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[53] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

of material fact.[54]  Where the non-moving party bears the burden of proof at trial, as here, the party moving for summary judgment may meet its burden by showing the Court that there is an absence of evidence to support the non-moving party's case.[55]  Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[56]

In doing so, the non-moving party may not rest upon mere allegations or denials in his pleadings, but rather must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[57]  A party seeking to establish that a fact is genuinely disputed must support such an assertion by reference to "materials in the record, including depositions, documents . . . affidavits or declarations . . . admissions, interrogatory answers, or other materials."[58]  The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[59]  There is no genuine issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."[60]

---

[54] *Celotex,* 477 U.S. at 323.

[55] *Id.* at 325.

[56] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[57] *Morris*, 144 F.3d at 380 (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992)); *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[58] Fed. R. Civ. P. (c)(1).

[59] *Little*, 37 F.3d at 1075.

[60] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).

*C.*      *Analysis*

Deputy Gerchow argues that: (1) he is entitled to summary judgment on Plaintiffs' claims against him under Section 1983 in his official capacity, as Plaintiffs have not come forth with any evidence that any alleged constitutional violation was caused by a policy or custom of the St. Tammany Parish Sheriff's Office; (2) that he is entitled to summary judgment on Plaintiffs' claims against him under Section 1983 in his individual capacity, because there is no genuine dispute of material fact to demonstrate that he was personally involved in the deprivation of Plaintiffs' constitutional rights and alternatively, that he is entitled to qualified immunity; and (3) he is entitled to summary judgment on any state law claims against him, as he is immune under state law, or the Court should decline to exercise supplemental jurisdiction over the state law claims in the absence of any federal claims against him.[61] In response, Plaintiffs argue that summary judgment should be denied, as there exist "triable disputed facts."[62] The Court will address the parties' arguments in turn.

### 1.    Whether Deputy Gerchow is Entitled to Summary Judgment on Plaintiffs' Claims against him in his Official Capacity under Section 1983

Deputy Gerchow argues that Plaintiffs have not set forth sufficient evidence to sustain a suit against him in his official capacity, as Plaintiffs have produced no evidence that an official policy of his employer, the St. Tammany Parish Sheriff's Office, was the "moving force" behind

---

[61] Rec. Doc. 61-1 at 6. As note *supra*, Deputy Gerchow incorporates the arguments from his previously filed motion to dismiss into his memorandum regarding the instant motion. *See* Rec. Doc. 17-1.

[62] Rec. Doc. 70 at 1.

any constitutional violations of the Plaintiffs.[63] Plaintiffs do not directly address Deputy Gerchow's arguments regarding the claims against him in his official capacity.

The Supreme Court and Fifth Circuit have both recognized that suits against a public official in his official capacity "generally represent another way of pleading an action against an entity of which an officer is an agent."[64] The Supreme Court has held that in order to establish the liability of a government body under Section 1983, an "official policy must be the moving force of the constitutional violation."[65] Here, Plaintiffs have set forth no evidence regarding any policy of Deputy Gerchow's employer, the St. Tammany Parish Sheriff's Office, nor have they pointed to any evidence that any policy of the St. Tammany Parish Sheriff's Office was the "moving force" behind the alleged constitutional violations.[66] Moreover, Deputy Gerchow points out that M.D. testified in his deposition that he had no knowledge of any policies or procedures of the St. Tammany Parish Sheriff's Office and that he did not have any knowledge of any lack of training given to Deputy Gerchow.[67] Plaintiffs have not offered any evidence that a policy of the St. Tammany Parish Sheriff's Office caused the alleged constitutional violations in this case. Thus, Deputy Gerchow is entitled to summary judgment on Plaintiffs' claims against him in his official capacity.

Furthermore, even assuming that Deputy Gerchow could be considered an agent of the

---

[63] Rec. Doc. 17-1 at 11 (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)).

[64] *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999)(citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)).

[65] *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694; *Rizzo v. Goode*, 423 U.S. 362, 370–377 (1976)).

[66] *See Polk*, 454 U.S. at 326.

[67] Rec. Doc. 44-2 at 11.

School Board in his role as a school resource officer, the Fifth Circuit has concluded that district courts may properly dismiss claims against municipal officers in their official capacities when they are duplicative of claims against the governmental entities themselves.[68] The Fifth Circuit has further held that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[69] Here, Plaintiffs have also brought claims against the School Board itself and have not pointed to any reason why a suit should be maintained against both Deputy Gerchow in his official capacity and against the School Board.[70] Because "it is proper to dismiss allegations against municipal officers in their official capacities when the allegations duplicate claims against the governmental entity itself,"[71] and the School Board has received notice and an opportunity to respond, Deputy Gerchow is therefore entitled to summary judgment on the claims against him in his official capacity, even if he were assumed to be an agent of the School Board.[72]

---

[68] *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves.") (citing *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)). *See e.g.*, *Moton v. Wilkinson*, No. 08-1356, 2009 WL 498487, at *1 (E.D. La. Feb. 26, 2009) (Vance, J.) (noting that the Fifth Circuit has generally held that a plaintiff cannot maintain an action against an employer and its agent in his official capacity in other contexts, and that this principle also applies to suits against a municipality and its officers) (citing *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Romero*, 256 F.3d at 355; *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)).

[69] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[70] Rec. Doc. 15 at 2.

[71] *Thompson v. Connick*, 578 F.3d 293, 297 n.4 (5th Cir. 2009), *rev'd on other grounds*, 563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011); *see e.g.*, *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, No. 12-2202, 2014 WL 1512001, at *9 (E.D. La. Mar. 26, 2014) (Fallon, J.); *Derischebourg v. Clark*, No. 15-1712, 2016 WL 98617, at *8 (E.D. La. Jan. 8, 2016) (Africk, J.) ("This Court has previously dismissed official-capacity claims against officers of an entity which were redundant of other claims in a lawsuit.").

[72] *See generally Section 1983 Litigation* (3d ed.) 2014 ("[W]hen a § 1983 complaint asserts a claim against a municipal entity and municipal official in her official capacity, federal district courts routinely dismiss the official capacity claim as duplicative or redundant.").

2.      **Whether Deputy Gerchow is Entitled to Summary Judgment on Plaintiffs'**
        **Claims against Deputy Gerchow in his Individual Capacity under Section 1983**

Deputy Gerchow argues that he is entitled to summary judgment on Plaintiffs' claims under

Section 1983 brought against him in his individual capacity, because the undisputed facts in the

record demonstrate that there "simply was no personal involvement by Deputy Gerchow in this

matter which can be construed as a deprivation of rights or that was causally connected to a

deprivation of rights."[73] In particular, Deputy Gerchow argues that the undisputed facts in the

record demonstrate that he never searched M.D.'s phone, verbally or physically threatened M.D.,

or took part in M.D. giving any written statement.[74] Alternatively, Deputy Gerchow argues that

he is entitled to qualified immunity.[75]

In opposition, Plaintiffs argue that "triable disputed facts" remain, as the School Board

Defendants and Deputy Gerchow attempted to extend their authority beyond its limits, and that

the School Board employees used Deputy Gerchow "as the muscle" to detain and intimidate

M.D.[76] Plaintiffs argue that "it is clear" that Deputy Gerchow accessed the data on the cellphone

and that Deputy Gerchow interrogated M.D. and asked him to draw maps to other places where

drugs might be found.[77] The Court will address the parties' arguments in turn to determine whether

Deputy Gerchow is entitled to summary judgment on Plaintiffs' Section 1983 claims against him

---

[73] Rec. Doc. 61-1 at 4–5.

[74] *Id.*

[75] *Id.* at 3.

[76] Rec. Doc. 70 at 2–3.

[77] *Id.* at 2.

in his individual capacity and alternatively, whether Deputy Gerchow is entitled to qualified immunity.

### a.     Whether the Court can Consider the Affidavit of M.D.'s Mother

As an initial matter, the Court notes that Deputy Gerchow objects to M.D.'s mother's affidavit being submitted in support of Plaintiffs' claim that material facts are in dispute, because it contains hearsay and is not based on personal knowledge.[78] Pursuant to Federal Rule of Civil Procedure 56(c)(2), a party may object that "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Pursuant to Federal Rule of Civil Procedure 56(c)(4), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated."[79]

The Court notes that certain assertions in M.D.'s mother's affidavit are based on statements that were allegedly made by certain School Board Defendants to M.D.'s mother regarding M.D.'s suspension and hearing.[80] Such statements could be admissible in evidence, as they could be offered against School Board Defendants as opposing party statements under Federal Rule of Evidence 801(d)(2).[81] However, those statements do not relate to any conduct by Deputy Gerchow. The only assertions in the affidavit concerning Deputy Gerchow are based on statements made by M.D. to M.D.'s mother. Such statements would constitute hearsay and are on their face

---

[78] Rec. Doc. 77 at 5.

[79] Fed. R. Civ. P. 56(c)(4).

[80] Rec. Doc. 70-2 at 1, 3.

[81] Fed. R. Evid. 801(d)(2).

not based on M.D.'s mother's personal knowledge.[82] Moreover, M.D.'s mother's assertions regarding Deputy Gerchow are essentially identical to M.D.'s assertions regarding Deputy Gerchow in M.D.'s affidavit. Accordingly, the Court will not consider the statements in M.D.'s mother's affidavit in determining the instant motion.[83]

b. *Whether Sufficient Evidence has been Put Forth to Establish that Deputy Gerchow is Personally Liable under Section 1983 in his Individual Capacity*

The Court will now address Deputy Gerchow's argument that he is entitled to summary judgment in his favor on Plaintiffs' Section 1983 claims against him in his individual capacity. To establish personal liability under Section 1983, a "plaintiff must establish that the defendant was either personally involved in the deprivation [of a constitutional right] or that his wrongful actions were causally connected to the deprivation."[84] Deputy Gerchow argues that Plaintiffs have produced no evidence that he was personally involved in a deprivation of M.D.'s constitutional rights or that his actions were causally connected to a deprivation of M.D.'s rights, as required to sustain a Section 1983 claim at the summary judgment stage.[85] In support of his argument, Deputy Gerchow points to M.D.'s deposition testimony that: (1) M.D. had no knowledge that Deputy Gerchow held the cellphone or looked at any of its contents; (2) Deputy Gerchow never verbally or physically threatened M.D.; and (3) Deputy Gerchow was not present in the room when M.D.

---

[82] *See* Rec. Doc. 70-2 at 1 (M.D.'s mother asserting that she did not here from anyone at school until she was called by Tridico and Astugue who advised that M.D. had been suspended).

[83] *See* Fed. R. Civ. P. 56(c)(4) (stating that an affidavit used to support or oppose a motion must be based on personal knowledge and set forth facts that would be admissible at trial).

[84] *Jones v. Lowndes Cnty.*, 678 F.3d 344, 349 (5th Cir. 2012) (citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th

[85] Rec. Doc. 61-1 at 5.

provided written statements to school personnel, and Deputy Gerchow was not involved in any of M.D.'s dealings with school personnel after that time.[86]

In opposition, Plaintiffs argue that Deputy Gerchow and the other Defendants intimidated M.D. into unlocking his father's cellphone and forced him to become a witness against himself.[87] Plaintiffs further argue that it is clear that Deputy Gerchow had access to the data obtained from the phone and used the data to extend the investigation and force M.D. to sign fabricated statements.[88] Plaintiffs also argue that Deputy Gerchow had M.D. draw maps to other places where drugs might be found.[89]

However, Plaintiffs cite to *no* specific evidence in the record to support their assertions. A party opposing a motion for summary judgment may not simply "rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial."[90] The Fifth Circuit has made clear that "conclusory allegations, unsubstantiated assertions, and speculation are insufficient to show a genuine issue of fact" to defeat a motion for summary judgment.[91]

The Court notes that Plaintiffs attach the affidavits of M.D. and M.D.'s mother to their

---

[86] *Id.* at 3–4 (citing Rec. Doc. 44-2 at 7–8, 9–10, 5–7, 11)..

[87] Rec. Doc. 70 at 2.

[88] *Id.*

[89] *Id.*

[90] *Connelly v. Veterans Admin. Hosp.*, 23 F. Supp. 3d 648, 659 (E.D. La. 2014) (Brown, J.); *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[91] *Clark v. Massengill*, 641 F. App'x 418, 420 (5th Cir. 2016); *see Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (stating that "unsupported allegations . . . setting forth ultimate or conclusory facts" are insufficient to defeat a motion for summary judgment;

opposition but do not articulate how the affidavits create a genuine dispute of material fact as to Deputy Gerchow's personal involvement in any alleged deprivation of Plaintiffs' constitutional rights.[92] In M.D.'s affidavit, M.D. asserts the following with regards to Deputy Gerchow: (1) Tridico searched M.D.'s person and his personal effects in the presence of Deputy Gerchow for drugs; (2) Deputy Gerchow later "commenced intimidating actions," which scared M.D.; (3) Deputy Gerchow physically searched M.D.'s person and found nothing; (4) with Tridico, Astugue, and Deputy Gerchow threatening him, M.D. eventually unlocked the cellphone because M.D. believed he would never be allowed to leave or that Deputy Gerchow would arrest him; (5) Deputy Gerchow questioned M.D. about other drug use and asked for a map of where other drugs could be found, and Deputy Gerchow's demands were "clearly inspired" by messages taken from the cellphone.[93]

The Court notes that M.D.'s affidavit conflicts with his deposition testimony in which M.D. asserted that he had no knowledge that Deputy Gerchow held the cellphone or looked at any of its contents and that Deputy Gerchow never verbally or physically threatened M.D.[94] Plaintiffs do not offer any explanation regarding these contradictions between M.D.'s deposition testimony and his affidavit. Moreover, the Fifth Circuit has "repeatedly held that self-serving affidavits, without more, will not defeat a motion for summary judgment."[95] Plaintiffs have attempted to create a

---

[92] *See* Rec. Docs. 70-2, 70-3. As the Court determined *supra*, it will not consider M.D.'s mother's affidavit in determining the instant motion.

[93] Rec. Doc. 70-3 at 1–2.

[94] *See* Rec. Doc. 44-2 at 7–8, 9–10.

[95] *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 307 (5th Cir. 2011) (*per curiam*) (citing *DirectTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005); *United State v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).

factual dispute as to a necessary element of their claims under Section 1983 by attaching a "conclusory and self-serving affidavit" to their opposition to the instant motion.[96] As noted *supra*, to establish personal liability under Section 1983, Plaintiffs must point to evidence to establish that Deputy Gerchow "was either personally involved in the deprivation [of a right] or that his wrongful actions were causally connected to the deprivation."[97] However, Plaintiffs have pointed to no evidence aside from M.D.'s self-serving affidavit to establish a dispute of material fact as to Deputy Gerchow's personal involvement in any constitutional deprivation—a necessary element of Plaintiffs' claims under Section 1983 against Deputy Gerchow in his personal capacity. Accordingly, Deputy Gerchow is entitled to summary judgment on Plaintiffs' claims against Deputy Gerchow in his personal capacity under Section 1983.

### c. Even if Plaintiffs had come forth with Sufficient Evidence to Establish a Section 1983 Claim against Deputy Gerchow, he would be Entitled to Qualified Immunity.

Alternatively, even assuming the truth of the conclusory assertions in M.D.'s affidavit, Plaintiffs have not pointed to sufficient evidence to overcome Deputy Gerchow's defense of qualified immunity. Because Deputy Gerchow invokes the defense of qualified immunity, Plaintiffs carry the burden of demonstrating its inapplicability.[98] In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[99] First, a district court must consider whether, when "[t]aken in the light most favorable

---

[96] *See Budden*, 420 F.3d at 531 ("[The non-moving party's] attempt to create a fact issue as to [an element of the relevant statute] by relying on a conclusory and self-serving affidavit is on unsteady ground.").

[97] *Jones v. Lowndes Cnty.*, 678 F.3d 344, 349 (5th Cir. 2012) (citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th

[98] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[99] 533 U.S. 194 (2001).

to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]"[100]  Second, a court must inquire into whether the allegedly violated right was "clearly established" at the time, in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[101]  The reasonableness inquiry asks whether the officer's conduct is "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[102]  "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."[103]  The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[104]

Accordingly, to determine if qualified immunity is appropriate, the Court examines the summary judgment record and considers whether Plaintiffs have provided sufficient evidence to raise a genuine issue of material fact that suggests: (1) Deputy Gerchow's conduct violated Plaintiffs' constitutional rights; and (2) Deputy Gerchow's actions were objectively unreasonable in light of the law that was clearly established at the time of the incident.[105]

Here, even if the Court takes as true the assertions in M.D.'s affidavit, Plaintiffs have not pointed to any evidence to demonstrate that any of Deputy Gerchow's conduct violated a constitutional right or that Deputy Gerchow's actions were objectively unreasonable in light of the

---

[100] *Id.* at 201.

[101] *Id.* at 202.

[102] *Id.* at 397.

[103] *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

[104] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

[105] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); *see Saucier*, 533 U.S. at 207–208.

law that was clearly established at the time of the incident. As to M.D.'s assertion that Deputy Gerchow searched his person for drugs and was present while school personnel searched M.D.'s person and effects, the Supreme Court has held in *New Jersey v. T.L.O.*, that a warrant is not required for searches of students in schools by school officials.[106] Rather, the Supreme Court held that the legality of a search of a student should depend on the reasonableness of the search, under all the circumstances.[107] The Court notes that the Fifth Circuit has not spoken directly to the question of the appropriate standard for assessing the legality of searches conducted by school officials in conjunction with law enforcement officers. However, the Eighth Circuit has held that the reasonableness standard articulated by the Supreme Court in *T.L.O.*, not probable cause, applies where a school official searched a student in conjunction with a law enforcement officer acting as a school liaison officer.[108] This Court finds the Eighth Circuit's rationale to be persuasive and therefore applies it here.

Therefore, even assuming the truth of M.D.'s assertions that Deputy Gerchow was present during Tridico's search of M.D.'s person and effects and that Deputy Gerchow searched M.D. for drugs in conjunction with school officials, the uncontroverted evidence in the record indicates that such searches were reasonable, as Deputy Gerchow has pointed to evidence that another student informed Tridico that M.D. was involved in the purchase or sale of a controlled substance at

---

[106] 459 U.S. 325, 340 (1985).

[107] *Id.* at 341.

[108] *Shade v. City of Farmington*, 309 F.3d 1054, 1060 (8th Cir. 2002). A court in the Southern District of Illinois likewise has held that a search by a deputy acting as a school resource officer was governed by the reasonableness standard enunciated in *T.L.O.* and not be the higher probable cause standard. *See Wilson ex rel. Adams v. Cahokia Sch. Dist. No. 187*, 470 F.Supp.2d 897, 910 (S.D. Ill. 2007) (reviewing cases and finding that "the weight of the authority" holds that a search of a student on school grounds by a school resource officer should be subject to the reasonableness standard).

school.[109] Plaintiffs have pointed to no evidence contradicting the reason for the search of M.D. or creating a genuine dispute of material fact that it was unreasonable under the standard established in *T.L.O.* for Deputy Gerchow to be present during Tridico's search of M.D. or to search M.D.'s person for drugs such that Deputy Gerchow's conduct constituted a constitutional violation.[110] Moreover, even if such conduct did constitute a constitutional violation, Plaintiffs have pointed to no authority that such conduct was objectively unreasonable in light of clearly established law.[111]

In M.D.'s affidavit, M.D. also asserts that Deputy Gerchow joined Astugue and Tridico in threatening M.D. to unlock the cellphone in his possession and that Deputy Gerchow's questions to M.D. were "inspired by" messages taken from the cellphone.[112] The Court notes that there is no assertion in M.D.'s affidavit that Deputy Gerchow actually searched the cellphone. However, even assuming Plaintiffs' interpretation of the facts, Plaintiffs have not demonstrated that Deputy Gerchow's conduct in searching the cellphone in M.D.'s possession violated a constitutional right or that such conduct was objectively unreasonable in light of clearly established law, as required to overcome Deputy Gerchow's qualified immunity defense.[113]

The Court notes that in a case within the Fifth Circuit, *J.W. v. Desoto County School District*, a district court in the Northern District of Mississippi granted the individual school

---

[109] Rec. Doc. 45-2 at 2.

[110] *See T.L.O.*, 459 U.S. at 340.

[111] *See McClendon*, 305 F.3d at 323.

[112] Rec. Doc. 70-3 at 2.

[113] *See McClendon*, 305 F.3d at 323; *Saucier*, 533 U.S. at 207–208.

employee defendants' motion to dismiss and/or for summary judgment where a school employee confiscated the phone of a student who was seen using the phone in class in violation of school policy.[114] After confiscating the phone, the school employees then looked at pictures on the phone.[115] The student was suspended for having gang-related pictures on his cellphone.[116] Reviewing the relevant case law, the *J.W.* court found that the search was reasonable under Supreme Court precedent and that, "more importantly," it was not clearly established that such a search violated the Fourth Amendment.[117]

Plaintiffs cite to two district court cases from outside the Fifth Circuit in which the courts determined at the motion to dismiss stage that school employees' searches of students' cellphones were not reasonable on the face of the complaint under the standard set forth in *T.L.O.*[118] However, those decisions are non-binding and occurred at the motion to dismiss stage where it could not be determined that the searches were reasonable on the face of the complaint. Whereas in the instant case at the summary judgment stage, Deputy Gerchow has pointed to uncontroverted evidence in the record that the search of M.D. occurred in response to a specific allegation of M.D.'s purchase, sale, and possession of a controlled dangerous substance reported to Tridico.[119] Plaintiffs also cite

---

[114] No. 09-1055, 2010 WL 4394059, *1 (N.D. Miss. Nov. 1, 2010).

[115] *Id.*

[116] *Id.*

[117] *Id.* at *4–5.

[118] *See Gallimore v. Henrico Cnty. Sch. Bd.*, 38 F.Supp.3d 721, 725 (E.D. Va. 2014) (finding that the facts as alleged in the complaint did not indicate that the search of the cellphone was reasonable but noting that the defendant school employee could have had reasonable cause for the search and could bring forth such evidence on a motion for summary judgment); *Klump v. Nazareth Area Sch. Dist.*, 425 F.Supp.2d 622, 630 (E.D. Pa. 2006) (denying school employees' motion to dismiss where school employees were alleged to have seized a student's cellphone and used the student's cellphone to call other students to determine if they were violating the school's cellphone policy).

[119] *See* Rec. Doc. 45-2 at 2.

to a Sixth Circuit decision reversing a grant of summary judgment in favor of defendant school employees after finding that the search of a student's cellphone was not reasonable at its inception, because the defendant school employees had only general background knowledge of a student's drug use or depressive tendencies to justify the search of the student's cellphone.[120] By contrast, as noted *supra*, the uncontroverted evidence in the record in this case, at the summary judgment stage, is that M.D.'s cellphone was not searched pursuant to general background knowledge, but rather in relation to specific allegations of M.D.'s purchase, sale, and possession of drugs, which appears reasonable and certainly not in violation of clearly established law.[121]

The Court further notes that one commentator has argued that the unique characteristics of a cellphone should prompt reconsideration of the Supreme Court's decision in *T.L.O.* as applied to the search of cellphones in school.[122] However, the commentator also recognized that "[c]urrently, courts have allowed a warrantless search of a cell phone based on the original rule from *T.L.O.*"[123] This further supports the Court's conclusion that Deputy Gerchow's alleged conduct, if established, did not violate a clearly established right under the Fourth Amendment.

When deciding whether a right allegedly violated was "clearly established," the Court asks

---

[120] *G.C. v. Owensboro Pub. Sch.*, 711 F.3d 623 (6th Cir. 2013).

[121] Rec. Doc. 45-2 at 2. The Court notes that Plaintiffs also cite to the Supreme Court's decision in *Riley v. California*, 134 S.Ct. 2473 (2014). However, in *Riley*, the Supreme Court simply held that a cellphone could not be searched without a warrant *incident to arrest*. *See id.* at 2493. As noted above, the standard applied to school searches on school grounds has been established by the Supreme Court in *T.L.O.* and is the reasonableness of the search, under all the circumstances. *See* 459 U.S. at 340. *Riley* does not create a blanket prohibition on warrantless searches of cellphones in all circumstances, as illustrated by the Fifth Circuit's recent decision upholding a warrantless search of a cellphone at a border crossing. *United States v. Escarcega*, No. 15-51090, 2017 WL 1380555, at *1 (5th Cir. Apr. 17, 2017) (*per curiam*).

[122] Ross Hoogstraten, *Implications on the Constitutionality of Student Cellphone Searches Following* Riley v. California, 24 Wm. & Mary Bill Rts. J. 879, 897.

[123] *Id.* (citing *J.W.*, 2010 WL 4394059, *1).

whether the law so clearly and unambiguously prohibited the conduct such that a reasonable official would understand that what he was doing violated the law.[124] "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar."[125] Here, there is simply no controlling authority or "robust consensus of persuasive authority" prohibiting the search of student cellphones on school grounds such that Deputy Gerchow's conduct, as alleged by Plaintiffs, could be considered objectively unreasonable under clearly established law. Therefore, even assuming the truth of Plaintiffs' assertion that Deputy Gerchow searched the cellphone and questioned M.D. about the contents of the cellphone, Plaintiffs have not met their burden to overcome Deputy Gerchow's defense of qualified immunity.

In sum, the Court finds that Plaintiffs have failed to cite to evidence in the record beyond their own self-serving affidavit to raise a genuine dispute of material fact that suggests that Deputy Gerchow was personally involved in a deprivation of Plaintiffs' constitutional rights, as required to establish personal liability under Section 1983.[126] Therefore, Deputy Gerchow is entitled to summary judgment on Plaintiffs' claims against him under Section 1983 in his personal capacity. Alternatively, even assuming the truth of the assertions in Plaintiffs' affidavit and opposition, the Court finds that Plaintiffs have failed to raise a genuine dispute of material fact that suggests: (1) Deputy Gerchow's conduct violated any of the Plaintiffs' constitutional rights; or (2) Deputy

---

[124] *May v. Strain*, 55 F.Supp.3d 885, 897 (E.D. La. 2014) (Brown, J.) (citing *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2014)).

[125] *Id.*

[126] *See Jones*, 678 F.3d at 349.

Gerchow's actions were objectively unreasonable in light of the law that was clearly established at the time of the incident.[127] Accordingly, based on the evidence in the record, the Court finds that Deputy Gerchow is entitled to qualified immunity as to Plaintiffs' claims under Section 1983 against him in his individual capacity.

### 3. Whether the Court Should Exercise Supplemental Jurisdiction over any Remaining State Law Claims against Deputy Gerchow

In the amended complaint, Plaintiffs allege that they bring claims against all Defendants for tort negligence under Louisiana law "and for violations of their respective legal rights under Louisiana law."[128] Deputy Gerchow argues that he is entitled to qualified immunity as to any state law claims against him or that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.[129] Plaintiffs do not directly address Deputy Gerchow's arguments regarding any potential state law claims against Deputy Gerchow.

A district court, in its discretion, may decline to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c).[130] Pursuant to Section 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim on four independent bases: (1) if a claim raises a novel or complex issue of state law; (2) if the state law claim predominates over the other claims; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in other "exceptional circumstances" where there are compelling reasons for declining jurisdiction. [131] A district court's decision to decline to exercise supplemental

---

[127] *See McClendon*, 305 F.3d at 323; *Saucier*, 533 U.S. at 207–208.

[128] Rec. Doc. 15 at 1.

[129] Rec. Doc. 61-1 at 6; Rec. Doc. 17-1 at 27.

[130] 28 U.S.C. § 1367(c).

[131] *Id.*

jurisdiction is reviewed for abuse of discretion.[132]

In the instant case, the Court will, in its discretion, decline to exercise supplemental jurisdiction, as Plaintiffs' claims potentially raise complex or novel issues of state law.[133] The Supreme Court of Louisiana has noted that "in some respects," Louisiana's constitution "establishes higher standards of individual liberty than those afforded by jurisprudence interpreting the federal constitution."[134] The federal courts are courts of limited jurisdiction, and state courts often have superior familiarity with their jurisdictions' law.[135] Louisiana courts are better equipped in this case to evaluate Plaintiffs' tort claims, in the context presented here, under Louisiana law. Moreover, this case is still in the relatively early stages of litigation. Accordingly, the Court will, in its discretion, decline to exercise its supplemental jurisdiction over any remaining state law claims against Deputy Gerchow.

## IV. Conclusion

Based on the foregoing, the Court finds that Deputy Gerchow is entitled to summary judgment on Plaintiffs' claims against him in his official and individual capacities under Section 1983. Alternatively, the Court further finds that Deputy Gerchow is entitled to qualified immunity as to Plaintiffs' claims against him under Section 1983 in his individual capacity. Finally, the Court, in its discretion, declines to exercise supplemental jurisdiction over any remaining state law

---

[132] *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

[133] *See* 28 U.S.C. § 1367(c)(1).

[134] *Moresi v. State Through Dep't of Wildlife and Fisheries*, 567 So.2d 1081, 1094 (La. 1991) (internal citations omitted).

[135] *Parker & Parsley*, 972 F.2d at 586 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal quotations and citations omitted).

claims against Deputy Gerchow.

Accordingly,

**IT IS HEREBY ORDERED** that Deputy Gerchow's "Motion for Summary Judgment"[136] is **GRANTED** to the extent that it requests summary judgment on Plaintiffs' claims under 42 U.S.C. § 1983 against Deputy Gerchow in his official and individual capacities, and the Court in its discretion declines to exercise supplemental jurisdiction over any remaining state law claims against Deputy Gerchow.

**NEW ORLEANS, LOUISIANA,** this 10th day of August, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[136] Rec. Doc. 61.